UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHLENE CAMPBELL, <br><br>            Plaintiff, <br><br>  v. <br><br> ANTHONY AZRAK, <br><br>            Defendant. | No. 18-CV-3051 (KMK) <br><br> OPINION & ORDER |

Appearances:

Cathlene Campbell
White Plains, NY
*Pro Se Plaintiff*

Anthony Azrak
Boynton Beach, FL
*Pro Se Defendant*

KENNETH M. KARAS, District Judge:

  Cathlene Campbell ("Plaintiff") brings this Action against Anthony Azrak ("Defendant"), seeking enforcement of several money judgments issued by the Family Court of the State of New York. (*See generally* Compl. (Dkt. No. 1).) Before the Court is Defendant's Motion To Dismiss (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(2). (*See* Not. of Mot. (Dkt. No. 21).) For the following reasons, the Motion is granted.

## I. Background

### A. Factual History

  The following allegations are drawn from the Complaint and are accepted as true for purposes of resolving the instant Motion.

  Plaintiff and Defendant, who were married in August 1992 and had three children

together, separated in January 2007 and divorced in June 2009. (Compl. ¶¶ 17–19.) Plaintiff now resides in New York. (*Id.* ¶ 12.) Defendant now resides in Florida. (*Id.* ¶ 13.)

On July 10, 2007, the Family Court of the State of New York (the "Family Court") issued an order of support (the "July 2007 Order"), directing Defendant to pay to Plaintiff "twice-monthly" child and spousal support. (*Id.* ¶ 20.)

Plaintiff alleges that Defendant has failed to comply with the July 2007 Order "virtually from its inception." (*Id.* ¶ 22.) To that end, Plaintiff alleges that, since entry of the Order, the New York Family Court has issued eight separate money judgments (the "Money Judgments") in favor of Plaintiff and against Defendant for unpaid child support: (1) on July 15, 2008, for $73,311.79; (2) on April 3, 2009, for $23,803.87; (3) on May 12, 2010, for $55,820.22; (4) on July 27, 2010, for $15,119.73; (5) on February 3, 2012, for $79,581.27; (6) on July 24, 2012, for $61,974.00; (7) on September 23, 2013, for $101,646.65; and (8) on January 5, 2017, for $336,475.36. (*Id.* ¶¶ 23–30; *see also id.* Exs. A–H.) Those judgments are unpaid. (*Id.*)

Plaintiff seeks enforcement of the unpaid Money Judgments pursuant to N.Y. Dom. Rel. Law § 244 and N.Y. C.P.L.R. §§ 5003 and 5004. (*Id.* ¶¶ 31–34.) As relief, Plaintiff seeks the total amount of the Money Judgments — $747,732.89 plus 9% interest per annum from the date of each breach — along with attorneys' fees and costs. (*Id.* ¶¶ 35–37.)

B.  Procedural History

The initial Complaint was filed on April 6, 2018. (Compl.) On April 19, 2018, Defendant filed an Answer. (Answer (Dkt. No. 9).) Defendant filed the instant Motion To Dismiss on September 28, 2018. (Not. of Mot.; Decl. of Anthony Azrak in Supp. of Mot. ("Def.'s Mem.") (Dkt. No. 22).) On October 15, 2018, the Court granted Plaintiff's request to proceed pro se, and stayed the case for 30 days to allow Plaintiff time to familiarize herself with

the case. (Dkt. No. 25.) On December 28, 2018, Plaintiff filed her opposition to Defendant's Motion. (Letter from Cathlene Campbell to Court ("Pl.'s Mem.") (Dkt. No. 29).) Defendant has not filed a reply.

## II. Discussion

Defendant seeks dismissal of the Complaint, pursuant to Rule 12(b)(2), on grounds that the Court lacks personal jurisdiction over him. (*See generally* Def.'s Mem.)

### A. Applicable Law

The Second Circuit has established three requirements for the exercise of personal jurisdiction by a district court. *See Licci ex rel. Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 59 (2d Cir. 2012). "First, the plaintiff's service of process upon the defendant must have been procedurally proper." *Id.* (citations omitted). "Second, there must be a statutory basis for personal jurisdiction that renders such service of process effective." *Id.* "Third, the exercise of personal jurisdiction must comport with constitutional due process principles." *Id.* at 60.

"Where, as here, a district court in adjudicating a [personal jurisdiction] motion . . . relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, [a] plaintiff[] need only make a prima facie showing of personal jurisdiction." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (citation and quotation marks omitted); *see also Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 14-CV-1568, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (noting that, to make out a prima facie case, a plaintiff must establish both "a statutory basis" for jurisdiction and that exercise of such jurisdiction "accord[s] with constitutional due process principles" (citation and quotation marks omitted)). This prima facie case "may be made through the plaintiff's own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish

3

jurisdiction over the defendant." *Id.* (citation and quotation marks omitted). The Court "construe[s] the pleadings and affidavits in the light most favorable to [the plaintiff], resolving all doubts in [her] favor." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation and quotation marks omitted). Nevertheless, the Court "will not draw argumentative inferences in the plaintiff's favor," and need not "accept as true a legal conclusion couched as a factual allegation." *Licci*, 673 F.3d at 59 (citation and quotation marks omitted).

B. Analysis

Defendant argues that the Court lacks personal jurisdiction because he has been a resident of Florida since 2010, has not been to or transacted business in New York since that year, has no plans to visit New York, and owns no property in New York. (Def.'s Mem. 3, 6, 8, 12.)[1]

In response, Plaintiff argues, first, that Defendant forfeited a personal jurisdiction defense by failing to raise such a defense in his Answer. (Pl.'s Mem. 6.) "It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading." *Ford v. Hotelera Playa Paraiso, S.S. de C.V.*, No. 17-CV-7384, 2019 WL 981638, at *2 (E.D.N.Y. Feb. 29, 2019) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011)). Here, Defendant raises three affirmative defenses in his Answer: (1) that the New York Family Court and Florida's Department of Revenue "are already enforcing this case"; (2) that this is a "[s]tate-specific, [c]ivil [f]amily [c]ourt issue that should not be heard in [f]ederal [c]ourt"; and (3) "I pay what I can! Only job I could get where [Plaintiff] can't threaten my employer is driving for Uber." (Answer 2.) None of these defenses goes to personal jurisdiction. The Second Circuit, however, has "ruled that courts should

---

[1] The Parties' briefs do not use consistent page numbering. For ease of reference, the Court cites to the ECF-generated page numbers stamped at the top of each page.

4

proceed with caution in finding forfeiture of personal jurisdiction defenses." *Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion Y Produccion* ("*Pemex*"), 832 F.3d 92, 113 (2d Cir. 2016) (citation and quotation marks omitted). Here, Defendant, who is proceeding pro se, has consistently objected to this Court's handling of this case, as indicated by his second affirmative defense contesting subject matter jurisdiction. Moreover, Plaintiff has not alleged that she has suffered any prejudice by Defendant's belated raising of the personal jurisdiction defense some six months after filing his Answer. Indeed, this case has not yet proceeded to discovery. Accordingly, the Court declines to hold Defendant's personal jurisdiction defense forfeited. *See Pemex*, 832 F.3d at 114–15 (collecting cases where "courts have declined to find forfeiture where defendants did not argue personal jurisdiction . . . at every possible stage of litigation, including cases in which litigants were quite derelict in raising these defenses"); *Statek Corp. v. Coudert Bros. LLP*, No. 07-CV-456, 2018 WL 834227, at *11 (D. Conn. Feb. 12, 2018) (declining to hold personal jurisdiction defense forfeited where the case had not "progressed very far"); *Infinity Consulting Grp., LLC v. Am. Cybersystems, Inc.*, No. 09-CV-1744, 2010 WL 2267470, at *2 (E.D.N.Y. May 30, 2010) (noting that, "[t]ypically, courts have found forfeiture only if the party waited years before moving or engaged in substantial pre-trial activity," and that, "[c]onversely, courts have generally declined to find forfeiture when a party waited only months, absent significant pre-trial activity"); *Local 875 I.B.T. Pension Fund v. Pollack*, 992 F. Supp. 545, 560 (E.D.N.Y. 1998) (declining to hold personal jurisdiction defense forfeited in part because the defendant "is a foreign pro se defendant and leave to amend the answer would have been readily available").

Second, Plaintiff argues, on the merits, that the Court may exercise personal jurisdiction over Defendant based upon his appearance in the underlying Family Court actions. (Pl.'s Mem.

4–5, 7–9.) In New York, there are two statutory avenues for this Court to exercise personal jurisdiction: § 301 (general personal jurisdiction) and § 302 (specific personal jurisdiction) of the New York Civil Practice Law & Rules ("N.Y. C.P.L.R."). *See Overseas Ventures, LLC v. ROW Mgmt.*, No. 12-CV-1033, 2012 WL 5363782, at *8 (S.D.N.Y. Oct. 26, 2012) (citing *Realuyo v. Abrille*, 93 F. App'x 297, 298–99 (2d Cir. 2004)). Plaintiff relies only on N.Y. C.P.L.R. § 302, and in particular, on § 302(b).[2] That subsection provides in full:

> Personal jurisdiction over non-resident defendant in <u>matrimonial actions or family court proceedings</u>. A court in any <u>matrimonial action or family court proceeding</u> involving a demand for support, alimony, maintenance, distributive awards or special relief in matrimonial actions may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or administrator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the claim for support, alimony, maintenance, distributive awards or special relief in matrimonial actions accrued under the laws of this state or under an agreement executed in this state. The family court may exercise personal jurisdiction over a non-resident respondent to the extent provided in one hundred fifty-four and one thousand thirty-six and article five-B of the family court act and article five-A of the domestic relations law.

N.Y. C.P.L.R. § 302(b) (emphases added). This section, however, is inapplicable here, as its plain statutory language limits its applicability to "matrimonial actions or family court proceedings." *Id*. This is not such an action. A "matrimonial action" is defined as

> includ[ing] actions for a separation, for an annulment or dissolution of a marriage, for a divorce, for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce[,] and for a declaration of the validity or nullity of a marriage.

---

[2] Plaintiff does not allege general personal jurisdiction under N.Y. C.P.L.R. § 301, and for good reason: personal jurisdiction is only proper under that section where a party "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its 'presence' in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (citation, quotation marks, and alterations omitted). There is no argument here that Defendant does "continuous and systematic" business in New York.

N.Y. C.P.L.R. § 105(p). This is not an action for a separation, annulment, divorce, or declaration of validity or nullity. Indeed, this case presents no substantive family law issue. The Parties' judgment of divorce is not in question; rather, Plaintiff seeks enforcement of the eight unpaid Money Judgments entered by New York Family Court. Nor is this a "family court proceeding" for purposes of § 302(b), as it is an action filed not in New York Family Court, or indeed in any other New York state court, but in federal district court. Plaintiff does not suggest, and this Court has not found authority, that the term "family court proceeding" may be interpreted broadly to refer not just to proceedings in New York Family Court but to all proceedings involving family law-related disputes. Therefore, because § 302(b) applies only to "matrimonial actions" and "family court proceedings," and Plaintiff has not satisfied her burden of showing that either applies here, § 302(b) does not establish this Court's personal jurisdiction over Defendant. *See de Ganay v. de Ganay*, No. 11-CV-6490, 2012 WL 6097693, at *7 (S.D.N.Y. Dec. 6, 2012) (holding that case alleging "common law fraud" on the part of former spouse in prior foreign divorce proceeding was "neither a 'matrimonial action' or 'family-court proceeding'" under § 302(b), and, accordingly, that federal district court lacked personal jurisdiction over the former spouse); *see also Bogle v. Bogle*, No. 90-CV-6554, 1991 WL 143448, at *2 n.5 (S.D.N.Y. July 23, 1991) ("Section (b) of New York's Long-Arm statute referring to matrimonial actions *relates to divorce actions . . . .*" (emphasis added)); *cf. Hafner v. Sec. Pac. Nat'l Bank*, 517 N.Y.S.2d 398, 401–02 (N.Y. Sup. Ct. 1987) ("An action for necessaries, while based upon a spouse and parent's duty of support, is neither a matrimonial action nor a family court proceeding [for purposes of § 302(b), and is instead] primarily a creditor's remedy, which a spouse may enforce in his or her own name where the spouse has actually paid for the necessaries." (citations omitted)). Indeed, Plaintiff identifies no case — and

this Court has found none — in which a federal district court has concluded that it may exercise personal jurisdiction pursuant to § 302(b) over an out-of-state defendant in an enforcement proceeding.

Finally, no other subsection of § 302 applies. Under § 302(d), a court may exercise personal jurisdiction in actions involving foreign defamation judgments. N.Y. C.P.L.R. § 302(d). This is clearly not such a case. And under § 302(a)(1), a court may exercise personal jurisdiction over a foreign defendant who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> (4) owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a)(1)–(4). Plaintiff does not argue (let alone establish) that Defendant transacts business in New York, has committed a non-defamation tort in New York, has committed a non-defamation tort outside of New York causing injury in New York, or that he owns, uses, or possesses any real property in New York. Moreover, Defendant argues without opposition that he neither transacts nor solicits any business in New York, let alone does so regularly. (*See* Def.'s Mem. 12.)

Therefore, the Court concludes that Plaintiff fails to establish a statutory basis for the

exercise of personal jurisdiction over Defendant.³ Accordingly, Plaintiff fails to "make a prima facie showing of personal jurisdiction." *S. New Eng. Tel. Co.*, 624 F.3d at 138 (citation and quotation marks omitted).⁴

### III. Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is granted. Dismissal is without prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within 30 days of the date of this Opinion. Plaintiff should include within that amended complaint all changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider. Plaintiff is advised that the amended complaint will replace, not supplement, all prior complaints and filings. The amended complaint must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider.

The Clerk of the Court is directed to terminate the pending Motion, (Dkt. No. 21), and to mail a copy of this Opinion to both Plaintiff and Defendant.

SO ORDERED.

DATED:  June 6, 2019
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

³ Because the Court lacks a statutory basis to exercise personal jurisdiction over Defendant, it need not consider whether Defendant has sufficient minimum contacts with New York such that the exercise of personal jurisdiction comports with constitutional due process. *See de Ganay*, 2012 WL 6097693, at *5 ("[T]he Court cannot assert personal jurisdiction over defendants because plaintiff has failed to demonstrate a statutory basis for such jurisdiction. We therefore need not . . . reach the due process inquiry." (citing *Licci*, 673 F.3d at 61)).

⁴ Should Plaintiff wish to continue litigating this Action, Plaintiff may consider filing suit in a district in which the federal district court may clearly exercise personal jurisdiction over Defendant.

9