UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHLENE CAMPBELL,

                             Plaintiff,

v.                                                  **ORDER**

ANTHONY AZRAK,                               18-cv-03051 (PMH)

                             Defendant.
------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Cathlene Campbell commenced this action against Defendant Anthony Azrak to enforce certain money judgments entered by the Family Court of the State of New York in her favor and against Defendant. (Doc. 1, "Compl." ¶ 6). On April 25, 2018, Judge Karas ordered Plaintiff to show cause as to why her claims against Defendant should not be dismissed for lack of subject matter jurisdiction (Doc. 10), to which Plaintiff responded on May 24, 2018. (Doc. 15). On September 13, 2018, Judge Karas set a briefing schedule for a motion to dismiss for lack of personal jurisdiction. (Doc. 20). On September 28, 2018, Defendant filed a motion to dismiss, asserting, *inter alia*, that he has not been present in New York since 2010, does not conduct business in the state, does not have contacts with the state and does not own any property in the state. (Docs. 21, 22). Defendant further argued that the Florida Department of Revenue had been actively enforcing the judgments that Plaintiff seeks to enforce by way of this action. *Id.*

      On October 12, 2018, Plaintiff filed a motion to proceed *pro se*, which was granted. (Docs. 23, 24). On December 28, 2018, Plaintiff filed her opposition to Defendant's pending motion to dismiss. (Doc. 29). On June 6, 2019, Judge Karas issued an Opinion and Order granting Defendant's motion to dismiss for lack of personal jurisdiction without prejudice. (Doc. 30, the "Order"). The Order stated, *inter alia*, that Plaintiff could not assert personal jurisdiction over

1

Defendant pursuant to New York Civil Practice Law & Rules ("N.Y. C.P.L.R.") § 302(b), which provides for personal jurisdiction over a non-resident defendant in matrimonial actions or family court proceedings, of which this action is neither. *Id.* The Order allowed Plaintiff thirty days to file an amended complaint to correct the jurisdictional deficiencies identified therein. *Id.* at 9. Plaintiff failed to file any amended complaint within the thirty-day deadline which expired on July 8, 2019; thus on August 6, 2019, Judge Karas *sua sponte* issued an Order to Show Cause why Plaintiff's claims dismissed without prejudice should not be dismissed with prejudice for failure to prosecute. (Doc. 31).

Instead of a response to the Order to Show Cause concerning her failure to prosecute or good cause shown, Plaintiff filed an Amended Complaint on September 4, 2019. (Doc. 32, "Amended Compl."). Recognizing that the basis for personal jurisdiction originally alleged under N.Y. C.P.L.R. § 302(b) was fundamentally flawed, Plaintiff inserted two conclusory paragraphs into the Amended Complaint under §§ 302(a)(2) and 302(a)(3)(ii) (Amended Compl. ¶¶ 17-18) in lieu of the previous "Jurisdiction and Venue" paragraph alleged in her original Complaint (Compl. ¶ 15). On September 23, 2019, Defendant filed a letter motion seeking dismissal of Plaintiff's Amended Complaint due to her failure to comply with the Court's Order to Show Cause and again asserted Plaintiff's failure to establish personal jurisdiction over him. (Doc. 33). On April 16, 2020, this case was reassigned to me.

Even were this Court to construe Plaintiff's untimely Amended Complaint as a response to Judge Karas's Order to Show Cause concerning her failure to prosecute, this Court finds that Plaintiff's attempt to remedy the personal jurisdiction deficiencies raised by Judge Karas' Order fail and thus, dismisses this case with prejudice. Simply put, Plaintiff's new allegations fail to

establish that the exercise of personal jurisdiction over Defendant by this Court would be proper, and the Amended Complaint simply does not in any way address Plaintiff's failure to prosecute.

A federal court in New York may exercise personal jurisdiction under N.Y. C.P.L.R. § 301, general personal jurisdiction, or § 302, specific personal jurisdiction. *See Overseas Ventures, LLC v. ROW Mgmt.*, No. 12-CV-1033, 2012 WL 5363782, at *8 (S.D.N.Y. Oct. 26, 2012) (citing *Realuyo v. Abrille*, 93 F. App'x 297, 298–99 (2d Cir. 2004)). Plaintiff's allegations in the Amended Complaint, to the extent she now relies on N.Y. C.P.L.R. §§ 302(a)(2) and 302(a)(3)(ii) (Amended Compl. ¶¶ 17-18), entirely miss the mark.

N.Y. C.P.L.R. § 302(a)(2) permits "a court [to] exercise personal jurisdiction over any non-domiciliary…who in person or through an agent…(2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act…." N.Y. C.P.L.R. § 302(a)(2). The Second Circuit has held that the "tortious act" must have occurred within the state in which Plaintiff seeks the exercise of personal jurisdiction over Defendant. *See Bank Brussels Lambert v. Fiddler, Gonzalez & Rodriguez*, 171 F.3d 779, 789-90 (2d Cir. 1999) (quoting *Kramer v. Vogl*, 17 N.Y.2d 27, 31 (1966)) ("At a minimum, to qualify for jurisdiction under this subsection, 'a defendant's act or omission [must have] occur[red] within the State."); *see also Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 803-04 (S.D.N.Y. 2015) (discussing that "the lion's share of district court opinions on the subject" require the defendant's physical presence in New York to assert personal jurisdiction pursuant to § 302(a)(2)).

To bolster her new theories of personal jurisdiction, Plaintiff alleges that Defendant "moved out of state and secreted his assets and income" and that he "expropriated, transferred, or otherwise alienated" property that he owns in New York, Tennessee, and Florida in order to defy paying the family court judgments. Amended Compl. ¶¶ 42, 46. Even were the Court to find that

3

such allegations sufficiently alleged "tortious acts," Plaintiff simply does not allege that Defendant was physically present in New York when such acts occurred. *See* Amended Compl. ¶¶ 15, 42. Thus, Plaintiff is barred from asserting personal jurisdiction over Defendant pursuant to § 302(a)(2). *See Bank Brussels*, 171 F.3d at 790 (citing *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) ("…we [have] held that a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2).")). Because Plaintiff has not alleged that Defendant committed a tortious act while physically present in New York, Plaintiff cannot establish this Court's personal jurisdiction over Defendant pursuant to § 302(a)(2).

Plaintiff additionally asserts personal jurisdiction over Defendant pursuant to § 302(a)(3)(ii), which provides that, "a court may exercise personal jurisdiction over any non-domiciliary…who in person or through an agent…(3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he…(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce…." N.Y. C.P.L.R. § 302(a)(3)(ii). For that provision to apply, Courts in this Circuit have determined that five elements must be established, namely "(1) that defendant committed a tortious act outside the state; (2) that the cause of action arises from that act; (3) that the act caused injury to a person or property within the State; (4) that defendant expected or should reasonably have expected the act to have consequences in the State; and (5) that defendant derived substantial revenue from interstate or international commerce." *Thackurdeen*, 130 F. Supp. 3d at 805 (citing *In re Sumitomo Copper Litig.*, 120 F. Supp. 2d 328, 341 (S.D.N.Y. 2000)); *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 325-26 (S.D.N.Y. 2013).

To determine "whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction," courts "must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert*, 171 F.3d at 791 (citing *Hermann v. Sharon Hosp., Inc.*, 135 A.D.2d 682, 682 (2d Dep't 1987)). "[T]he situs of injury is the location of *the original event which caused the injury*, not the location where the resultant damages are subsequently felt by plaintiff.'" *Id.* (citing *Hermann*, 135 A.D.2d at 583) (emphasis in original); *Madison Markets, LLC v. Starneth Europe B.V.*, No. 15-CV-7213, 2016 WL 4484251, at *5 (S.D.N.Y. Aug. 23, 2016) ("Importantly, the 'original event' is distinguished from the final economic injury and the place where the tort's economic consequences are felt; only the former creates jurisdiction, not the latter.").

Importantly, "[i]t is settled New York law that the suffering of economic damages is insufficient, alone, to establish a 'direct' injury in New York" for § 302(a)(3) purposes. *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 38 (2d Cir. 2010) (collecting cases); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York.") (international quotation marks and citation omitted). That a plaintiff resides in New York and has felt economic injury in the state does not confer personal jurisdiction over a non-resident defendant. *See Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (quoting *Carte v. Parkoff*, 152 A.D.2d 615, 615 (2d Dep't 1989) ("An injury…does not occur within the state simply because the plaintiff is a resident.")). All of the elements of § 302(a)(3)(ii) must be met. *See Bank Brussels Lambert*, 171 F.3d at 793 (plaintiff must establish all five elements in order to assert personal jurisdiction over defendant pursuant to § 302(a)(3)(ii).

Plaintiff's action is premised upon the enforcement of judgments rendered against Defendant that are allegedly unpaid (Amended Compl. ¶ 7).[1] Construing the *pro se* Plaintiff's Amended Complaint with the required liberality, Plaintiff has not sufficiently alleged that any recognizable tortious act occurred; that her claim for relief arises from that act; that the act caused an injury in New York beyond a solely economic one, which has been expressly rejected as a basis to establish a direct injury in New York for purposes of § 302(a)(3) jurisdiction; that Defendant expected or should reasonably have expected the act to have consequences in New York; and that Defendant derives substantial revenue from interstate commerce. Additionally, Plaintiff fails to plead where Defendant allegedly committed all of the tortious acts; and even though Plaintiff may have felt the economic consequences of such acts in New York, that alone is insufficient to confer personal jurisdiction under § 302(a)(3)(ii).

Under these circumstances, Plaintiff's untimely and failed attempt to remedy the personal jurisdiction deficiencies raised by Judge Karas' Order, and her failure to respond to Judge Karas' Order to Show Cause concerning her failure to prosecute, proves fatal to her case. Accordingly, this action is dismissed with prejudice. Although this dismissal is with prejudice, the Court is mindful that Plaintiff has enforcement proceedings pending in Defendant's state of residence. The Clerk is respectfully requested to close this case.

SO ORDERED:

Dated: New York, New York
      July 15, 2020

                                                _____
                                                Philip M. Halpern
                                                United States District Judge

---

[1] Plaintiff's original Complaint sought to enforce eight judgments. Compl. ¶ 6. The Amended Complaint seeks the enforcement of nine judgments. Amended Compl. ¶ 7.